IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jarvis Gibbs, | ) | C/A No.  0:14-4582-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert Kingsbury, Jr., RN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jarvis Gibbs, a self-represented state prisoner, filed this action pursuant to 42 U.S.C.

§ 1983 alleging violations of his constitutional rights.  This matter is before the court pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on Plaintiff's motion to amend his

Amended Complaint (ECF No. 53) and his motion to appoint counsel (ECF No. 55).

**A.      Motion to Amend**

Plaintiff seeks leave to amend the Amended Complaint in this action to add the following

defendants: Nurse Administrator/MGR II, Takisha A. Smith/Head Nurse; Broad River Medical Staff

and Facility as a Whole; and the Department of Corrections.  (ECF No. 53 at 1.)  The defendant filed

a response in opposition to Plaintiff's motion, noting that it was not filed within the Scheduling

Order deadline.  (Def.'s Resp. Opp'n, ECF No. 54 at 1.)  As argued by the defendant, the Amended

Scheduling Order in this case directed that motions to amend pleadings must be filed no later than

July 9, 2015.  (ECF No. 46 at 1.)  Plaintiff has not shown good cause for the Amended Scheduling

Order to be extended, or presented extraordinary circumstances for seeking amendment after

expiration of the Scheduling Order's deadline.  See Nourison Rug Corp. v. Parvizian, 535 F.3d 295,

298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good

cause standard must be satisfied to justify leave to amend the pleadings."). Thus, Plaintiff's motion to amend the Amended Complaint is denied as untimely. (ECF No. 53.)

Moreover, the court notes that two of the entities Plaintiff seeks to add are improper defendants under 42 U.S.C. § 1983. First, the Broad River Medical Staff and Facility as a Whole is not a "person" amenable to suit under 42 U.S.C. § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) (holding that a defendant in a § 1983 action must qualify as a "person"); see also Thomas v. South Carolina Dep't of Corr., C/A No. 0:14-3244-DCN, 2014 WL 4700219, at *3 (D.S.C. Sept. 19, 2014) (affirming report and recommendation holding that use of a collective term, such as "staff," without identifying specific staff members, fails to state an adequate claim). Next, the Department of Corrections is protected from suit under § 1983 by the Eleventh Amendment, which bars suits for damages by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); see also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984) (holding that Eleventh Amendment immunity extends to arms of the state, including a state's agencies, instrumentalities and employees). Thus, amendment of the Amended Complaint would be futile as to Broad River Medical Staff and Facility as a Whole and the Department of Corrections. See Foman v. Davis, 371 U.S. 178 (1962).

While Head Nurse Takisha A. Smith could be a proper defendant under § 1983, Plaintiff names this individual in her capacity as supervisor over Defendant Kingsbury and fails to allege facts showing that Nurse Smith personally violated any of Plaintiff's constitutional rights, or that Nurse Smith was aware of any risk of constitutional injury to Plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); <u>see</u> <u>also</u> <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth the elements necessary to establish supervisory liability under § 1983, which include "actual or constructive knowledge that [a] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to [] the plaintiff") (internal quotation marks and citation omitted).  Thus, amendment to add Nurse Smith would also be futile.  <u>See</u> <u>Foman</u>, 371 U.S. 178.

## B.    Motion to Appoint Counsel

Plaintiff also seeks appointment of counsel in this case.  (ECF No. 55.)  There is no right to appointed counsel in § 1983 cases.  <u>Hardwick v. Ault</u>, 517 F.2d 295 (5th Cir. 1975).  The court may use its discretion to request counsel to represent an indigent in a civil action.  <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Mallard v. United States Dist. Court for S. Dist. of Iowa</u>, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  <u>Whisenant v. Yuam</u>, 739 F.2d 160 (4th Cir. 1984), <u>abrogated on other grounds by</u> <u>Mallard</u>, 490 U.S. 296. Plaintiff's motion fails to demonstrate that exceptional circumstances exist in this case.  Rather, Plaintiff alleges that there are "a lot of things I don't understand . . . and legal matters I need assistance with."  (ECF No. 55 at 1.)

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel.  <u>Id.</u>  Accordingly, Plaintiff's motion for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.  (ECF No. 55.)




**IT IS SO ORDERED**.

August 25, 2015

Columbia, South Carolina

Paige J. Gossett

UNITED STATES MAGISTRATE JUDGE