IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarvis Gibbs, | ) C/A No. 0:14-4582-MGL-PJG |
|      Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Robert Kingsbury, Jr., *RN*, | ) |
|      Defendant. | ) |

  Plaintiff Jarvis Gibbs, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights by the defendant, who is an employee of the South Carolina Department of Corrections ("SCDC"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 50.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Gibbs was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 51.) Gibbs filed a response in opposition to the motion for summary judgment. (ECF No. 63.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

## BACKGROUND

  Gibbs alleges that he injured his wrist on October 28, 2013 and was escorted to the Broad River Correctional Institution's medical unit where he was evaluated by Defendant Robert Kingsbury, Jr., RN. (Am. Compl., ECF No. 24 at 1.) Gibbs allegedly complained that he could not move his wrist, expressed his belief to Kingsbury that it was broken, and requested to see a doctor.

(Id.) Kingsbury assessed Gibbs's injury as a sprain and instructed him to take ibuprofen and ice his wrist. (Id.) Gibbs asserts that he complained of "chronic and serious pain and the inability to move his wrist for approximately six (6) months and was only given [i]buprofen and ice to put on the injury." (Id.) Gibbs further claims that he "was never seen by a doctor nor was an X-ray performed." (Id.)

Gibbs alleges that he was again evaluated by Kingsbury on April 8, 2014, but received no significant treatment. (Id. at 2.) After approximately nine months, Gibbs indicates that he was transported to Kirkland Correctional Institution for x-rays and it was determined that he would have to undergo surgery. (Id.) Gibbs alleges that he was informed that he would never regain full movement of his wrist or be able to lift heavy objects and contends that Kingsbury's failure to provide medical treatment exacerbated the injury. (Id.) Gibbs seeks monetary damages in this case. (Compl., ECF No. 1 at 5.)[1]

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

---

[1] Gibbs inadvertently named the wrong defendant in his Complaint (ECF No. 1) and filed an Amended Complaint (ECF No. 24) to cure that deficiency. Gibbs's Amended Complaint states that it relates "back to Plaintiff's original complaint," which sought monetary damages. (ECF No. 24 at 1; ECF No. 1 at 5.)



evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

*PJG*

**B.     Gibbs's Claims**

    **1.     Official Capacity Claims**

To the extent that Gibbs is suing the defendant in his official capacity for monetary relief, Defendant Kingsbury is entitled to summary judgment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As an arm of the state, this defendant, who is an SCDC employee, is entitled to sovereign immunity and cannot constitute a "person" under § 1983 in that capacity. See Will, 491 U.S. at 70-71. Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent the defendant is sued in his official capacity, he is immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).



**2.    Deliberate Indifference to Medical Needs**

Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under the Eighth Amendment to the United States Constitution. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). To establish a claim under the Eighth Amendment, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Id. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. However, because even a subjective standard may be proven through circumstantial evidence, " 'a prison official cannot hide behind an excuse that he was unaware of a risk, no matter how obvious.' " Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015) (quoting Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995)). Therefore, " 'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that a risk was obvious.' " Id. (quoting Farmer, 511 U.S. at 842).

Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th



Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837.  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983.  See Estelle, 429 U.S. at 106.  While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice.  Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation."  Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks & citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Courts have recognized that "[l]ay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."  O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005); see also Nelson, 603 F.3d at 449 (noting that a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. LeFevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

The defendant's motion for summary judgment argues that Gibbs has not established a claim of deliberate indifference to his medical needs by Defendant Kingsbury.  (Def.'s Mem. Supp. Mot. Summ. J., ECF No. 50-1 at 7-10.)  In support of the motion, the defendant provides affidavit

testimony from Defendant Kingsbury and John McRee, M.D., a staff physician with SCDC and its acting Medical Director. (Kingsbury Aff., ECF No. 50-5; McRee Aff., ECF No. 50-2.) Kingsbury and McRee testify that Gibbs "presented to medical from the gym with complaints of left wrist pain" on October 30, 2013 after allegedly falling and twisting his wrist.[2] (Kingsbury Aff. at 2, ECF No. 50-5 at 3; McRee Aff. at 2, ECF No. 50-2 at 3.) Gibb reported a weak grip, a pain level of "10/10, especially when he tried to move [the wrist]," and tenderness to palpation. (Id.) Kingsbury evaluated Gibbs's wrist and noted that Gibbs greatly overestimated the amount of swelling, which was limited to "slight swelling to the top of the wrist and no redness or warmth." (Id.) Kingsbury further noted that Gibbs had limited range of motion and that "[p]eripheral pulses were present and strong, and cap refill was less than 3 seconds." (Id.) Kingsbury assessed Gibbs as having a sprain, provided him a pass from work, ibuprofen, Tylenol, and a bag of ice with instructions for use. (Kingsbury Aff. at 3, ECF No. 50-5 at 4; McRee Aff. at 3, ECF No. 50-2 at 4.) Kingsbury further gave Gibbs an order to report the next morning at 10:00 a.m. for further treatment and/or reassessment, if needed. (Id.)

Kingsbury and McRee aver that Gibbs did not appear the next day for his scheduled appointment or contact the medical department to reschedule. (Id.) Gibbs also failed to make any complaints to Kingsbury or other medical staff about his wrist and did not sign up for sick call regarding his wrist until April 8, 2014. (Id.) At that time, Kingsbury noted a limited range of motion and some possible swelling on the top of the wrist, but equal and strong radial pulses and equal hand

---

[2] It appears from the record that Gibbs's injury occurred on October 30, 2013 rather than on October 28, 2013 as indicated in the Amended Complaint. Because Gibbs appears to assert that he was escorted to the medical department directly after his wrist injury for an assessment by Defendant Kingsbury (Am. Compl., ECF No. 24 at 1; see also Pl.'s Resp. Opp'n, ECF No. 63 at 2), this discrepancy is not material to the court's analysis.



grips. (Id.) Kingsbury instructed Gibbs to continue using Tylenol and ibuprofen and forwarded the information to a nurse practitioner. (Id.) An SCDC doctor ordered an x-ray of Gibbs's wrist the same day. (Id.) Kingsbury did not see Gibbs again for treatment of the wrist. (Kingsbury Aff. at 3, ECF No. 50-5 at 4.) However, an x-ray of Gibbs's wrist was performed on April 21, 2014, he was seen in the "Ortho Clinic" on May 7, 2014, and provided a "CT Scan" on May 15, 2014. (McRee Aff. at 4, ECF No. 50-2 at 5.) Orthopedic surgeons "initially made recommendations for conservative, non-operative treatment that were implemented by SCDC medical staff," however, such treatment did not resolve Gibbs's wrist injury and surgery was performed in September 2014. (Id. at 5, 8, ECF No. 50-2 at 6, 7.) Kingsbury and McRee testify that any alleged delay in treatment to Gibbs's wrist resulted from his failure to return to the medical office on October 31, 2013 and failure to complain or seek treatment from Kingsbury or any other medical staff for the next five months. (Kingsbury Aff. at 4, ECF No. 50-5 at 5; McRee Aff. at 7, ECF No. 50-2 at 8.) Kingsbury and McRee further aver that each time Gibbs presented to Kingsbury with complaints about the injured wrist, Gibbs was timely evaluated and properly treated. (Kingsbury Aff. at 4, ECF No. 50-5 at 5; McRee Aff. at 8, ECF No. 50-2 at 9.) The defendant also provides Gibbs's SCDC medical summary and medical records between June 2013 and May 2015, which mirror the testimony of Kingsbury and McRee. (Medical Summ., ECF No. 50-3; Medical Records, ECF No. 50-4.)

In his response in opposition to the defendant's motion, Gibbs essentially reiterates the allegations of the Amended Complaint and asserts that he lodged complaints about his wrist, which were "not logged in for some reason." (Pl.'s Resp. Opp'n, ECF No. 63 at 2.) Gibbs further appears to allege that he returned to medical for treatment but "was escorted out because nobody was attending to my injury." (Id. at 2-3.) However, Gibbs has failed to refute the defendant's showing



that Kingsbury timely evaluated and properly treated Gibbs's wrist injury on the two occasions Gibbs presented for treatment and has failed to present evidence from which a reasonable jury could find that Kingsbury was deliberately indifferent to Gibbs's medical needs. At most, Gibb's claim alleges negligence or medical malpractice, which is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Accordingly, the court concludes the defendant's motion for summary judgment should be granted.

**C.    State Law Claims**

To the extent that Gibbs's Amended Complaint may be construed to allege any state law causes of action, the court should not exercise supplemental jurisdiction over such claims.[3] See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

---

[3] To the extent Gibbs is seeking to raise state law claims of negligence or medical malpractice, South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina. See S.C. Code Ann. § 15-36-100(B), (G). In this case, Gibbs failed to file an expert affidavit with his Complaint. Therefore, he cannot proceed with any state law claim of negligence or medical malpractice against Defendant Kingsbury. See Green v. Orangeburg Calhoun Det. Ctr., C/A No. 0:13-623-MGL, 2014 WL 4063328, at *5 (D.S.C. Aug. 12, 2014) (adopting and incorporating Report and Recommendation).



**RECOMMENDATION**

Accordingly, the court recommends that the defendant's motion for summary judgment (ECF No. 50) be granted.

December 18, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).